# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 12, 2018

```
* * * * * * * * * * * * * *        UNPUBLISHED
                              *
VICTORIA NIFAKOS,             *
                              *    No. 14-236V
              Petitioner,     *
                              *
v.                            *    Special Master Oler
                              *
SECRETARY OF HEALTH           *    Interim Attorneys' Fees and Costs;
AND HUMAN SERVICES,           *    Duplicative Billing;
                              *    Administrative Tasks; Expert Costs.
              Respondent.     *
                              *
* * * * * * * * * * * * * *
```

*Mark Theodore Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

**Oler**, Special Master:

On March 27, 2014, Victoria Nifakos ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that she suffered non-Hodgkin's lymphoma that was caused or significantly aggravated by her receipt of the Hepatitis A, Menactra, Varivax, and human papillomavirus (HPV) vaccinations on June 29, 2011.  ECF No. 1 at 1.  Pursuant to the agreement of the parties, I scheduled an entitlement hearing in this case for June 18 and 19, 2019.  *See* Pre-Hearing Order of July 24, 2018, ECF No. 75.  Petitioner now requests an award of interim attorneys' fees and costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §300aa (2012).

## I.      The Instant Motion

On June 1, 2018, Petitioner filed an application for interim attorneys' fees and costs ("Interim Motion"), requesting $25,358.94 in attorneys' fees for her counsel of record, Mark T. Sadaka of Mark T. Sadaka, LLC ("the Sadaka Firm"), and $12,926.37 in attorneys' costs, for a total of $38,285.31.  *See* Interim Motion (ECF No. 72) at 1; *see also* Ex. A at 20-22, attached as ECF No. 72-1.[3]  A review of the Interim Motion does not reflect that Petitioner herself has borne any out-of-pocket expenses up to this point in the litigation.  *See generally* Interim Motion; Exs. A and B.

Respondent filed a response to Petitioner's Interim Motion on June 12, 2018.  Respondent's Response (ECF No. 73).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for [R]espondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he is "satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case."  *Id.* at 2.  Additionally, he "respectfully recommends that [I] exercise [my] discretion and determine a reasonable award for interim attorneys' fees and costs."  *Id.* at 3.

Petitioner filed a reply on June 13, 2018, stating that Respondent "does not raise a challenge to good faith and reasonable basis of her claim," and thus "requests that her [instant] application be granted."  Petitioner's Reply at 1, ECF No. 74.  This matter is now ripe for a decision.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's Interim Motion, awarding a total of $22,819.36 in attorneys' fees, and costs in the amount of $6,926.37, while deferring ruling on one of Petitioner's expert costs.

## II.     Legal Standard for Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008).  The Federal Circuit has stated, "Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352.  In *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.  However, *Avera* did not exclusively define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion.  *See Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2013 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013).  Even though

---

[3] Petitioner filed Exhibits A and B with her application for interim attorneys' fees and costs without proper pagination.  *See generally* Ex. A (ECF No. 72-1) and Ex. B (ECF No. 72-2).  Thus, for ease of reference, I will use the page numbers generated from the CM/ECF filing reflected at the top of the page.

it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test.  *Avera*, 515 F.3d at 1352; *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by petitioner's counsel.  *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel.").  As her Interim Motion points out, by the time of the entitlement hearing scheduled in this case, Petitioner, and her counsel, will have been litigating this claim for more than eight years.  ECF No. 72 at 1.  I thus find it reasonable to award interim attorneys' fees and costs at this juncture to avoid undue hardship for Petitioner's counsel.

### III.   Reasonable Attorneys' Fees

If interim fees are deemed appropriate, a petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner brought his/her petition in good faith and with a reasonable basis.  §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Woods*, 105 Fed. Cl. at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (Fed. Cl. 2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (Fed. Cl. 2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, 2012 WL 1450520 (Fed. Cl. Spec. Mstr. March 28, 2012), at *4. Respondent did not raise any objection to the good faith or reasonable basis for the claim.  As there is no other reason to deny the award of interim fees and costs, I will award Petitioner's reasonable interim attorneys' fees and costs in this instant decision.

While Respondent did not contest the billing rate or specific entries, the special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 303 (Fed. Cl. 2008), *aff'd*, No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.   Requested Hourly Rates

Petitioner requests compensation for her attorneys, Mr. Mark Sadaka, Ms. Anna Sweeney, and Mr. Andrew Pinon.  Petitioner requests the following hourly rates for work performed by each attorney from 2011 to 2018[4]:

|  | Mr. Sadaka | Ms. Sweeney | Mr. Pinon |
|---|---|---|---|
| 2011 | $324.58 | --- | --- |
| 2012 | $337.05 | --- | --- |
| 2013 | $337.05 | $192.60 | --- |
| 2014 | $350.00 | $200.00 | $200.00 |

---

[4] *See* Interim Motion at 2.

| 2015 | $350.00 | $207.40 | $207.40 |
| 2016 | $362.95 | $215.07 | $215.07 |
| 2017 | $376.38 | $223.03 | $223.03 |
| 2018 | $404.19 | --- | --- |

Petitioner also requests that paralegals of the Sadaka Firm be compensated for work performed from 2011-2018 at rates varying from $120.56 per hour to $150.55 per hour, based on the year and the individual paralegal.  *See* Interim Motion at 2.

### b. Hourly Rates Awarded

#### i. Mr. Sadaka

Mr. Sadaka's requested hourly rates for work performed between 2012-2017 have been previously found to be reasonable in *Taylor v. Sec'y of Health & Human Servs*., No. 13-700V, 2018 WL 6291355, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2018), and will be awarded in full in this instant application.  Mr. Sadaka's requested hourly rate for 2011 also appears to be reasonable; thus, I will award that rate in full.  Moreover, in *Taylor*, Petitioner requested, and Special Master Corcoran approved, an hourly rate of $396.00 per hour for work performed by Mr. Sadaka in 2018.  *Id*.  Thus, I will adjust Mr. Sadaka's requested hourly rate for work performed in 2018 in this instant application ($404.19), to the $396.00 rate awarded in *Taylor*.

#### ii. Ms. Sweeney

Ms. Sweeney's requested hourly rates for work performed between 2013-2015 have also been found to be reasonable in *Taylor*, and will be awarded in full in this instant application.  *Taylor* at *3.  Moreover, I find Ms. Sweeney's requested hourly rates for 2016-2017 to be reasonable, as those rates reflect a slight progressive yearly rate increase from prior years and are in line with the remainder of the hourly rate ranges awarded in *Taylor*.  *See also Prokopeas v. Sec'y of Health & Human Servs*., No. 04-1717V, 2017 WL 6763067, at *4 (Fed. Cl. Spec. Mstr. Dec. 5, 2017) (Chief Special Master Dorsey adopting similar reasoning in that case to grant an attorney's requested year-over-year increase in hourly rates).

#### iii. Mr. Pinon

Mr. Pinon was awarded a rate of $215.07 per hour in *Taylor* for work performed in 2016; I also find it to be reasonable in this case.  Similar to my reasoning above for granting Ms. Sweeney's year-over-year increase in hourly rates, I find Mr. Pinon's requested hourly rates for 2014, 2016, and 2017, to be reasonable.

#### iv. Paralegal rates

The Sadaka Firm's paralegal hourly rates range listed above has been previously awarded in *Taylor*, and I similarly find it to be reasonable in this case.

### v.  Summary of Hourly Rates Awarded

In light of the above, the hourly rates to be awarded in this instant application are as follows:

|      | Mr. Sadaka | Ms. Sweeney | Mr. Pinon |
|------|-----------|-------------|-----------|
| 2011 | $324.58   | ---         | ---       |
| 2012 | $337.05   | ---         | ---       |
| 2013 | $337.05   | $192.60     | ---       |
| 2014 | $350.00   | $200.00     | $200.00   |
| 2015 | $350.00   | $207.40     | $207.40   |
| 2016 | $362.95   | $215.07     | $215.07   |
| 2017 | $376.38   | $223.03     | $223.03   |
| 2018 | $396.00   | ---         | ---       |

Accordingly, Petitioner's interim attorneys' fees award is reduced by **$4.10**[5] to reflect Mr. Sadaka's 2018 hourly rate adjustment.

### c.  Reduction of Billable Hours

Based on my review of the billing records submitted with Petitioner's Interim Motion (*see generally* Ex. A), I find that a number of the hours billed by the Sadaka Firm were "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.  For example, the time entries submitted with Petitioner's Interim Motion reflects that attorneys and/or paralegals of the Sadaka Firm billed for performing administrative tasks such as updating internal files and electronically filing documents.[6]  Moreover, a majority of the administrative billing entries identified at footnote 6

---

[5] Petitioner seeks compensation for 0.50 hours of work performed in 2018 by Mr. Sadaka, at an hourly rate of $404.19, for a total of $202.10.  *See* Ex. A at 21.  Thus, the following calculation reflects the requisite reductions made to Petitioner's fees request:

**Fees Total Awarded** = 0.5 hours x $396.00 (2018 awarded hourly rate for Mr. Sadaka) = $198.00.

**Amount Reduced** = Requested Fees Total for Mr. Sadaka ($202.10) – Fees Total Awarded to Mr. Sadaka ($198.00) = **$4.10**.

[6] For example, the following billing entries reflect attorneys and/or paralegals of the Sadaka Firm billing time for non-compensable administrative tasks such as: (1) "updat[ing] case file" (billing entries of 12/1/2011; 12/5/2011; 12/6/2011; 12/17/2011; 3/27/2012; 4/20/2012; 6/4/2012; 10/12/2012; 1/2/2013; 1/10/2013; 1/14/2013; 1/22/2013; 1/28/2013; 3/31/2014; 4/4/2014; 2/21/2017); (2) "draft[ing] notes to file" (billing entries of 11/7/2011; 11/18/2011; 12/13/2011; 3/23/2012; 5/23/2012; 12/5/2012; 1/2/2013; 3/1/2013; 8/16/2013; 4/1/2014; 5/22/2014); (3) "docket[ing] for follow up" (billing entries of 12/28/2012; 5/7/2014; 5/14/2014; 5/21/2014; 6/3/2014; 6/9/2014; 12/22/2015); (4) "updat[ing] schedule" (billing entries of 3/31/2014; 5/20/2014; 5/8/2014; 5/28/2014; 8/24/2015; 3/22/2017); (5) "fili[ing] motion" (billing entries of 5/28/2014; 6/22/2015; 8/21/2015); and (6) "open[ing] case file" (billing entry of 11/14/2011).

The billing entries mentioned above are merely examples and are not exhaustive; they provide a mere sampling of the plethora of non-compensable administrative tasks billed by the Sadaka Firm.

5

also reflect instances of block billing, wherein attorneys and/or paralegals of the Sadaka Firm billed for multiple tasks in a single entry, thus co-mingling time that is not compensable, along with time that is compensable.[7] For such entries, it is impossible to determine the precise portion of the time billed that should be compensated.  I note that it is counsel's burden to document the fees claimed. *See Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. July 29, 2009).  *See also Broekelschen v. Sec'y of Health & Human Servs.*, 2008 U.S. Claims LEXIS 399, at *13-14 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing a petitioner's attorneys' fees award and criticizing counsel in that case for block billing).  Indeed, the Vaccine Program's *Guidelines for Practice* state as follows: "[e]ach task should have its own line entry indicating the amount of time spent on that task.  Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request."[8]

I additionally find that the billing invoices reveal numerous billing entries reflecting instances of duplicative billing where both Mr. Sadaka and a paralegal bill time for reviewing the same filing. The billing invoices in fact consistently reflect such duplicate entries where Mr. Sadaka and a paralegal reviewed the same notices or orders.[9] It has been a long-standing practice in the Vaccine Program to reduce attorneys' fees for such similar duplicative billing entries. *See, e.g.*, *Turkupolis v. Sec'y of Health & Human Servs.*, No. 10-351V, 2015 WL 393343, at *5 (Fed. Cl. Spec. Mstr. Jan. 9, 2015) (reducing fees and noting a pattern of billing 0.10 attorney hours for review of all filings, regardless of the filing's length or complexity); *Z.H. v. Sec'y of Health & Human Servs.*, No. 16-123V, 2018 WL 1835210, at *3 (Fed. Cl. Spec. Mstr. Mar. 6, 2018) (reducing fees where "[m]ultiple attorneys reviewed the same orders and notifications and all billed time for doing so").

Accordingly, for the reasons outlined above, I will reduce the total award of Petitioner's

---

[7] *See generally* Ex. A at 1-20, which lists the billing entries cited at footnote 6, above, collectively reflecting attorneys and/or paralegals block billing for compensable tasks with non-compensable tasks.

[8] *Guidelines for Practice Under the National Vaccine Injury Compensation Program* ("*Guidelines for Practice*") at 67 (revised Nov. 5, 2018) found at: https://www.uscfc.uscourts.gov/sites/default/files/18.11.05%20Vaccine%20Guidelines.pdf (last visited on December 10, 2018).

[9] These entries are described as receiving or reviewing: (1) notices of assignment/reassignment (billing entries of 3/27/2014; 3/1/2016); (2) an initial order (billing entry of 3/31/2014); (3) a notice of appearance (billing entry of 4/4/2014); (4) Respondent's status report (billing entry of 4/29/2014); (5) scheduling orders (billing entries of 5/8/2014; 9/9/2015; 10/9/2015; 11/19/2015; 1/5/2016; 3/3/2016); (6) an order on a motion to strike (billing entry of  5/28/2014); (7) orders on motions for an extension of time (billing entries of 6/19/2014; 2/27/2015; 4/21/2015; 4/23/2015; 6/25/2015; 3/4/2016); (8) Respondent's Rule 4 Report (billing entry of 11/7/2014); (9) status report orders (billing entries of 11/18/2014; 12/3/2015); and (10) a status conference order (billing entry of 9/8/2015).  *See* Ex. A at 1-20.

The billing entries mentioned above are merely examples and are not exhaustive; they provide a mere sampling of the numerous duplicative tasks billed by the Sadaka Firm.

Vaccine Act attorneys' fees, with the hourly rate reductions discussed above, by 10%.[10]  This results in an additional reduction of Petitioner's Vaccine Act attorneys' fees award of **$2,535.48**.[11]

>    ***ii.***     ***Summary of Total Fees***

As outlined above, Petitioner is awarded attorneys' fees in the amount of **$22,819.36**.[12]

## IV.     Reasonable Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case.  *Fester v. Sec'y of Health & Human Servs.*, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).  When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding such costs.  *See, e.g., Gardner-Cook v. Sec'y of Health & Human Servs*., No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $12,926.37 in attorneys' costs.  Ex. A at 21, ECF No. 72-1.  The requested costs herein can be sorted into two different categories: (1) expert costs and (2) miscellaneous case costs, to include costs for filing fees, obtaining medical records, and mailing costs.

### 1.   Expert costs

#### a.   Expert costs for Petitioner's expert, Dr. Jeffery Gordon

Petitioner requests costs for the work performed by Dr. Gordon as an expert in this case.  Dr. Gordon billed at a rate of $350 per hour for a total of $2,490.80.  *See* Ex. A at 21 and Ex. B at 5.  His

---

[10]  I note that the attorneys and/or paralegals of the Sadaka Firm have shown the same pattern of impermissible billing practices in another Vaccine Program case decided by Special Master Sanders.  *Van Vessem v. Sec'y of Health & Human Servs.*, No. 11-132V, 2018 WL 3989517 (Fed. Cl. Spec. Mstr. July 3, 2018).  In that case, Special Master Sanders found to be impermissible billing practices similar to the ones found to be unreasonable in this instant decision.  *Id.* at *4–8.  I thus strongly encourage the Sadaka Firm attorneys and paralegals to carefully scrutinize their billing practices prior to filing future attorneys' fees and costs motions before me.

| [11] Attorneys' fees requested | = | $25,358.94 |
|---|---|---|
| Reduction for Mr. Sadaka's hourly rate modifications | = | ($4.10) |
| **Subtotal** | = | $25,354.84 |
| **10% reduction amount** | **=** | **$2,535.48** |

| [12] Attorneys' fees requested | = | $25,358.94 |
|---|---|---|
| Reduction for Mr. Sadaka's hourly rate modifications | = | ($4.10) |
| **Subtotal** | **=** | **$25,354.84** |
| 10% reduction | = | ($2,535.48) |
| **Total awarded Vaccine Act attorneys' fees** | **=** | **$22,819.36** |

billing invoice additionally provides a reasonable breakdown of the hours worked thus far in the case.  Ex. B at 5.  In examining those billing entries, I find Dr. Gordon's requested rate, and the amount of hours billed, to be reasonable.  Accordingly, the amount requested for Dr. Gordon's expert costs will be awarded in full.

### b.  Expert costs for Petitioner's expert, Dr. Yehuda Shoenfeld

Petitioner additionally requests costs for the work performed by Dr. Shoenfeld as an expert in this case.  Dr. Shoenfeld billed at a rate of $500 per hour for a total of $6,000.00.  *See* Ex. A at 21 and Ex. B at 6.  His billing invoice, however, does not provide a reasonable breakdown of the precise nature of the tasks performed thus far in the case.  *See* Ex. B at 6.  In fact, Dr. Shoenfeld's billing invoice appears to be incomplete, as it only reflects one completed entry where he block-billed for 12 hours of time, spanning a month, for "Reviewing the literature (2nd August – 2nd September 2015)," with no hours reflected for the description "Writing the medical report." *Id.*

As an initial matter, I note that the requested $500 per hour rate for Dr. Shoenfeld is at the top of the general range for expert costs awarded in Vaccine Program cases.  *Otto v. Sec'y of Health & Human Servs.*, No. 16-1144, 2018 WL 5782873, at *3 (Fed. Cl. Spec. Mstr. Oct. 5, 2018).  Some special masters in past cases have articulated, however, that they reserve even a rate of *$400 per hour* "for highly-credentialed, experienced, and competent Vaccine Act expert witnesses." *See e.g.*, *Prokopeas*, 2017 WL 6763067, at *8 (Fed. Cl. Spec. Mstr. Dec. 5, 2017); *Dempsey v. Sec'y of Health & Human Servs.*, No. 04-394V, 2017 WL 6343870, at *8 (Fed. Cl. Spec. Mstr. Nov. 16, 2017).  Based on the record as it currently exists, I have general reservations about the propriety of awarding such a high hourly rate to Dr. Shoenfeld on an interim basis.  This is especially so in light of the fact that Petitioner's request for Dr. Shoenfeld's costs is based on an *incomplete invoice* which does not detail a reasonable, contemporaneous breakdown of the 12 hours purported to have been expended by Dr. Shoenfeld in "[r]eviewing the literature." *See* Ex. B at 6.  I note that it is ultimately counsel's burden to properly document the attorneys' costs claimed.  Indeed, the Vaccine Program's *Guidelines for Practice* state, "A list of costs incurred by counsel and/or advanced under the petition…along with supporting documentation, should accompany the application. Such expenses, if not self-explanatory, should be explained sufficiently to demonstrate their relation to the prosecution of the petition." *Guidelines for Practice* at 68.

I will thus defer deciding on the appropriate hourly rate, and the total expert fees to award Dr. Shoenfeld until after the conclusion of the entitlement hearing in this case.  At that time, I will better be in a position to evaluate the record as a whole to ascertain whether Dr. Shoenfeld has provided a cogent medical causation theory, based on the facts of Petitioner's case, to be reasonably awarded his requested rate of $500 per hour, which has been generally reserved for highly competent and cogent Vaccine Act expert witnesses.  *Dempsey v. Sec'y of Health & Human Servs.*, No. 04-394V, 2017 WL 6343870, at *8 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (Chief Special Master Dorsey determining an appropriate rate for a Vaccine Act expert witness based on an evaluation of the competency of his expert testimony determined after the entitlement hearing).  Petitioner may renew her request for Dr. Shoenfeld's expert costs after the entitlement hearing.[13]

---

[13] I note that Special Master Corcoran adopted a similar approach to Dr. Shoenfeld's requested $500 per hour expert witness rate in another case pending before him.  *Otto v. Sec'y of Health & Human Servs., No.*

### 2.   Miscellaneous case costs

I have reviewed all other costs totaling $4,435.53 incurred by the Sadaka Firm, including costs for obtaining medical records, filing fees, and mailing costs. *See* Ex. A at 21.  I find those expenses to be reasonable and will award them in full.

### 3.   Summary of Attorneys' Costs Awarded

Based upon the above analysis, calculating the reductions for attorneys' costs results in the following adjustments:

| | |
|---|---|
| **Attorneys' costs requested**: | $12,926.37 |
| Reductions for Dr. Shoenfeld's expert costs: | ($6,000.00) |
| **Total Attorneys' costs awarded**: | **$6,926.37** |

## V.   Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, **I GRANT IN PART** Petitioner's Interim Motion, as follows:

| | Amount Requested | Reduction | Total Awarded |
|---|---|---|---|
| Attorneys' Fees | $25,358.94 | $2,539.58 | $22,819.36 |
| Litigation Costs | $12,926.37 | $6,000.00 | $6,926.37 |
| | | **Grand Total:  $29,745.73** | |

I therefore award a total of **$29,745.73** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel of record, Mr. Mark Theodore Sadaka, Esq., representing attorneys' fees in the amount of $22,819.36, plus costs in the amount of $6,926.37.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[14]

---

16-1144, 2018 WL 5782873, at *3-4 (Fed. Cl. Spec. Mstr. Oct. 5, 2018).  In *Otto*, Special Master Corcoran deferred expert witness costs for two of petitioner's experts, with one of those experts being Dr. Shoenfeld, until the entitlement hearing in that case.  *Id.*  In so doing, he stated that at he would be in a better position to decide whether the offered expert opinions in that case were "sufficiently of aid to resolution" of that case prior to granting the requested expert witness costs that were based on each respective expert's requested rate of $500 per hour.  *Id.*

[14] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master