## *In the United States Court of Federal Claims*

**OFFICE OF SPECIAL MASTERS**
No. 14-236V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| VICTORIA NIFAKOS, | * | TO BE PUBLISHED |
| | * | |
| Petitioner, | * | Special Master Katherine E. Oler |
| | * | |
| v. | * | Filed: September 15, 2020 |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | Attorneys' Fees & Costs; |
| | * | Reasonable Basis |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

*Mark T. Sadaka*, Mark T. Sadaka, LLC, Englewood, N.J., for Petitioner.
*Ida Nassar*, U.S. Department of Justice, Washington, D.C., for Respondent.

### DECISION ON MOTION FOR INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 27, 2014, Victoria Nifakos ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Vaccine Program"),[2] alleging that she suffered non-Hodgkin's lymphoma that was caused or significantly aggravated by her receipt of the Hepatitis A, Menactra, Varivax, and human papillomavirus (HPV) vaccinations on June 29, 2011. Pet. at 1, ECF No. 1.

Pursuant to the agreement of the parties, an entitlement hearing was held on June 18 and 19, 2019. *See* Non-PDF Minute Entry of June 19, 2019. Petitioner now requests a second award of interim attorneys' fees and costs. Fees App., ECF No. 127 (Aug. 21, 2020).

---

[1] This Decision will be posted on the Court of Federal Claims' website. **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). If, upon review, I agree that the identified materials fit within this definition, I will redact such material from public access. Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

For the reasons discussed below, I hereby **GRANT IN PART** Petitioners' application and award a total of **$89,757.03** in interim attorneys' fees and costs.

## I.   Procedural History

On June 1, 2018, Petitioner requested an award of interim attorneys' fees and costs. ECF No. 73. I subsequently granted in part Petitioner's motion, deferring the issue of Dr. Shoenfeld's expert fees until the conclusion of entitlement proceedings. *See Nifakos v. Sec'y of Health & Human Servs.*, 2018 U.S. Claims LEXIS 1936 at *9 (Dec. 12, 2018). On July 20, 2020, Petitioner filed a status report requesting that Dr. Shoenfeld's expert fees now be granted, as the entitlement hearing had concluded. ECF No. 124 at 1. Subsequently, I held a status conference in this case on July 23, 2020. *See* Scheduling Order of July 23, 2020 at 1, ECF No. 126. At this status conference, I explained to Mr. Sadaka that as a general rule, I do not issue more than one decision on interim fees in a case, for reasons of judicial economy. However, I noted that due to the current Covid-19 pandemic, I understood some practitioners were currently experiencing financial hardship. *Id.* at 1.

Mr. Sadaka explained that his firm was currently experiencing financial hardship due to the Covid-19 pandemic, and that due to such hardship, he had thus far only been able to make a partial payment to Dr. Shoenfeld. ECF No. 126 at 1. Accordingly, on August 21, 2020, Petitioner submitted a second motion for interim fees and costs, requesting $62,822.57 in attorneys' fees and $30,475.59 in costs, for a total of **$93,298.16**. Fees App., Ex. A at 12, ECF No. 127 (Aug. 21, 2020).

Respondent filed a response to Petitioner's Motion on September 4, 2020. Fees Resp., ECF No. 128 (Sept. 4, 2020). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for [R]espondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he is "satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case." *Id.* at 2. Additionally, he "respectfully recommends that [I] exercise [my] discretion and determine a reasonable award for interim attorneys' fees and costs." *Id.* at 3.

## II.   Legal Standard

### A.   *Interim Attorneys' Fees and Costs*

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of

2

litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Human Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. *Good Faith*

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. *Reasonable Basis*

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's

3

vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290. *See also Turpin v. Sec'y Health & Human Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Human Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Human Servs.*, No. 2019-1596, 2020 WL 4810095 at *5 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert).

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018). Objective medical evidence, including medical records, can constitute evidence of causation supporting a reasonable basis. *Cottingham*, 2020 WL 4810095 at *7.

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Human Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Human Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury)).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. It is appropriate to analyze reasonable basis through a totality of the circumstances test that focuses on objective evidence. *Cottingham,* 2020 WL 4810095 at *4. The factors to be considered may include "the factual basis of the claim, the medical and scientific

support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

### III.  Discussion

#### A.  *Undue Hardship*

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by petitioner's counsel. *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel."). As her Interim Motion points out, by the time post-hearing briefing concluded in this case, Petitioner, and her counsel have been litigating this claim for more than nine years. ECF No. 127 at 1.

Successive motions for awards of interim fees are typically disfavored absent compelling circumstances. *See e.g. Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2019 WL 5709372, at *2 (Fed. Cl. Spec. Mstr. Oct. 11, 2019) (granting a second interim fee award only in light of a motion for review which would inevitably add "an indefinite period of…litigation before…resolution of the case); *Heinzelman v. Sec'y of Health & Human Servs*, No. 07–01V, 2012 WL 1119389 (Fed. Cl. Spec. Mstr. Mar. 13, 2012) (Petitioner was not entitled to a third award of interim attorneys' fees because she failed to establish the special circumstances needed for such an award); *see also Otto v. Sec'y of Health & Human Servs.*, No. 16-1144, 2020 WL 1304189 (Fed. Cl. Spec. Mstr. Feb. 10, 2020) (holding that granting successive interim awards strains judicial resources and is contrary to the underlying intent of the Vaccine Act). To demonstrate undue hardship, a Petitioner must demonstrate a *compelling* reason for a successive award of interim fees and costs.

In the Petitioner's second application, the Petitioner cites undue hardship resulting from "considerable costs over the 9-year course of this case…made worse due to the Covid-19 epidemic." Fees App. at 2. The COVID-19 epidemic has had a significant impact on the United States economy and such impact has been recognized by this court. *See Monge-Landry v. Sec'y of Health & Human Servs*, No. 14-853V, 2020 U.S. Claims LEXIS 1250 at *14-*15 (Fed. Cl. Spec. Mstr. Jun. 30, 2020) (recognizing the COVID-19 pandemic's continued disruption of the airline industry in its calculation of appropriate interim fees). Given these unprecedented economic circumstances, I find that the Petitioner would suffer undue hardship in the absence of a second award of attorneys' fees and costs.

#### B.  *Good Faith and Reasonable Basis*

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and in fact affirms he is satisfied that Petitioner has met the statutory and other legal requirements for an award of attorneys' fees and costs. *See* Fees Resp. at 2-3. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of the circumstances, taking into account the factual basis for the claim and the medical and scientific support offered. Petitioner has filed extensive medical records in this case. *See* Exs. 1-8, 10, and 80. Petitioner has also filed three expert reports in which Dr. Yehuda Shoenfeld and Dr. Jeffrey Gordon have offered expert medical opinions supporting Petitioners' theory and a potential mechanism for causation. Exs. 11, 78, 88. Each expert filed medical literature in support of their reports, and Petitioner provided expert testimony at the entitlement hearing. As such, I find that the petition has a reasonable basis.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioners' reasonable fees and costs in this instance.

### C. *Attorneys' Fees*

Petitioner requests $62,822.57 in attorneys' fees.

#### i. *Reasonable Hourly Rate*

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

Petitioner requests the following rates:[4]

| Timekeeper | 2018 | 2019 | 2020 |
|---|---|---|---|
| **Paralegal** | | | |
| Keri L. Congiusti | $156.00 | | |
| Michele Curry | $150.55 | $156.00 | $163.00 |
| **Attorney** | | | |
| Mark Sadaka | $396.00 | $405.00 | $422.00 |

Mr. Sadaka's requested rates are consistent with *McCulloch* and with what Mr. Sadaka has previously been awarded in the Program. *See, e.g.*, *Nelson v. Sec'y of Health & Human Servs.,* 15-615V (Fed. Cl. Spec. Mstr. Jan. 22, 2018); *Pasquinelli v. Sec'y of Health & Human Servs.*, No. 14-1156V, 2017 WL 6816707 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); *Rolshoven v. Sec'y of Health & Human Servs.*, No. 14-439V, 2017 WL 5472577 (Fed. Cl. Spec. Mstr. Oct. 19, 2017); *Ladue v. Sec'y of Health & Human Servs.,* No. 12-553V, 2018 WL 6978075 (Fed. Cl. Spec. Mstr. Dec. 14, 2018); *Allard v. Sec'y of Health & Human Servs.*, 2020 U.S. Claims LEXIS 1668 (Fed Cl. Spec. Mstr. Aug. 5, 2020).

Accordingly, I find the requested rates for 2018-2020 to be reasonable and that no adjustment is warranted.

ii. *Hours Reasonably Expended*

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Petitioners' counsel has provided a breakdown of hours billed. Fees App., Ex. A. I find the hours to be largely reasonable, but a small reduction is necessary due to billing for what appears

---

[4] *See* Fees App. at 4.

to be administrative tasks[5] and overbilling.[6]  Mr. Sadaka has been made aware that billing for administrative tasks, such as updating internal files and receiving CM/ECF notifications, is not compensable.  *See, e.g., Nemmer v. Sec'y of Health & Human Servs.*, No. 14-236V, 2020 U.S. Claims LEXIS 610 at \*10 (Fed. Cl. Spec. Mstr. Feb 20, 2020); *Francis v. Sec'y of Health & Human Servs.*, No. 15-527V, 2020 U.S. Claims LEXIS 570 at \*9-\*10 (Fed. Cl. Spec. Mstr. Mar. 3, 2020).  Because several of these entries are part of larger blocks of time, I will reduce the fees awarded by **5%**.

Total fees to be awarded: **$59,681.44.**

### D.  Reasonable Costs

Petitioner requests a total of **$30,475.59** in costs, which includes obtaining medical records, travel, postage costs and expert witness fees.  Fees App., Ex. A at 12.

#### i.  *Expert Dr. Jeffery A. Gordon*

Petitioner requests $4,900.00 for costs related to expert witness Dr. Jeffrey Gordon.  Fees App., Ex. A at 12.  Petitioner requests $1,500.00 for a retainer and $3,400 for other work.  Fees App., Ex. B at 3, 4.  It appears that these costs are entirely related to Dr. Gordon's testimony at the hearing.  *Id.* at 4.  On June 18, 2019, Dr. Gordon billed $400.00 for a conference call with Mr. Sadaka.  *Id.*  This does not appear in Mr. Sadaka's billing statement.  *See generally*, Fees App., Ex. A.  I therefore will not compensate this time for Dr. Gordon.  I award all other costs related to this witness, for a total of $4,500.00

#### ii.  *Expert Dr. Yehuda Shoenfeld*

Petitioner also requests $23,000 for costs related to expert witness Dr. Yehuda Shoenfeld.  Fees App., Ex. B at 5.  I find these costs to be reasonable and award them in full.

#### iii.  *Petitioner's Miscellaneous Costs*

I have reviewed Petitioner's remaining costs, which include the cost of travel, postage, obtaining a copy of the transcript, and obtaining medical records.  *See* Fees App., Ex. A at 12.  These costs are reasonable and I award them in full.

---

[5] *See, e.g.*, billing entries on 4/5/2018, 6/28/2018, 7/31/2018, 8/1/2018, 8/15/2018, 8/29/2018, 10/1/2018, 11/30/2018, 1/16/2019, 4/3/2019, 4/8/2019, 5/10/2019, 5/13/2019, 5/16/2019, 6/3/2019, 6/4/2019, 6/5/2019, 6/17/2019, 9/30/2019, 11/6/2019, 1/9/2020, 1/10/2020, 1/27/2020, 4/24/2020, 7/10/2020, and 8/6/2020 for "draft notes to file"; billing entries on 6/26/2018, 1/24/2019, 2/27, 2019, 4/12/2019, 5/7/2019, 5/24/2020, 5/30/2019, 6/19/2019, 7/1/2019, 7/23/2019, 8/2/2019, 11/12/2019, 12/3/2019, 12/23/2019, 2/14/2020, 4/3/2020, 4/13/2020, 5/12/2020, 5/14/2020, 6/12/2020, and 7/17/2020 for reviewing CM/ECF docket entries and orders.

[6] On June 5, 2019, Mr. Sadaka noted 1.2 hours for a conversation with expert Jeffrey Gordon.  However, Dr. Gordon only noted 30 minutes for this phone call.  *See* Fees App., Ex. B at 4.  On June 19, 2020, Mr. Sadaka billed 4 hours for attendance at the entitlement hearing.  *Id.* at 8.  However, the proceedings began at 9:00 AM and concluded by 12:09 PM, or 3 hours and 3 minutes.  *See* Transcript of Proceedings, ECF No. 104 at 1, 116.

Total costs to be awarded: **$30,075.59.**

### IV.     Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$89,757.03** representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and her attorney, Mark T. Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

Any questions regarding this Order may be directed to my law clerk, Neil Bhargava, by email at neil_bhargava@cfc.uscourts.gov.

**IT IS SO ORDERED.**

*s/ Katherine E. Oler*
Katherine E. Oler
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.